SABERS, Justice
(concurring specially).
[¶ 23.] I concur specially because it is hard to believe that the psychiatric evaluator concluded that Iannarelli was not insane at the times he committed these senseless and repulsive crimes. In light of all of the facts and circumstances, it seems the only reasonable conclusion is that Ian-narelli was insane when he committed the offenses. Nevertheless, the evaluator’s determination and the circuit court s acceptance of that determination leave little ground to challenge the process.
[¶24.] As to the 130-year sentence, I continue to stand on my dissent in Buchhold, 2007 SD 15, ¶¶ 66-76, 727 N.W.2d 816, 830-32 (Sabers, J., dissenting). I recognize, however, that the maximum punishment for this crime is life imprisonment, and the 130-year sentence does not exceed that. This is in line with our holding in State v. Tiegen, 2008 SD 6, ¶ 48, 744 N.W.2d 578, 594, where we held, in part, that the defendant’s 100-year sentence for kidnapping was within the statutory maximum of life imprisonment and was not grossly disproportionate.